```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KENNEDY NDU EZEIGWE,

                Plaintiff,

        -against-                        ORDER
                                         12-CV-2200(JS)
ERIC H. HOLDER, JR., Attorney
General of the United States,
JANET NAPOLITANO, Secretary of the
Department of Homeland Security,
THOMAS DECKER, Philadelphia Field
Office Director, CRAIG A. LOWE,
Warden, Pike County Correctional
Facility,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:    Kennedy Ndu Ezeigwe, pro se
                  A 044 202 757
                  Pike County Correctional Facility
                  175 Pike County Blvd.
                  Lords Valley, PA 18428

For Defendants:   No Appearances

SEYBERT, District Judge:
```

On April 27, 2012, Kennedy Ndu Ezeigwe ("Petitioner") filed a pro se Petition pursuant to 28 U.S.C. § 2241 challenging his detention at the Pike County Correctional Facility located in Lords Valley, Pennsylvania. Petitioner, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), names as respondents Eric H. Holder, Jr., Attorney General of the United States, Janet Napolitano, Secretary of the Department of Homeland Security, Thomas Decker, Philadelphia Field Office Director, and Craig A. Lowe, Warden, Pike County

Correctional Facility ("Warden Lowe" or "Respondent").[1] Petitioner has also filed an Amended Petition, dated May 8, 2012 and filed in this Court on May 14, 2012, that is substantially similar to the initial Petition.

Accompanying the Petition is an application to proceed in forma pauperis. Upon review of the application to proceed in forma pauperis, the Court finds that Petitioner's financial position qualifies him to file this Petition without prepayment of the filing fee. Accordingly, the application to proceed in forma pauperis is granted for the limited purpose of this Order. For the reasons that follow, the Petition and Amended Petition are transferred to the United States District Court for the Middle District of Pennsylvania.

BACKGROUND

I. Factual Background

The following facts were taken from the Petition and do not constitute findings of fact by the Court:

Petitioner, a fifty-three (53) year old native and citizen of Nigeria, arrived in the United States in 1985 on a

---

[1] Petitioner's custodial official is the only proper respondent in a federal habeas corpus action. See 28 U.S.C. § 2242, Ezeigwe v. Holder, No. 11-CV-0271, 2012 WL 1417263, at *1 n. 1 (M.D. Pa. Apr. 24, 2012); see, also Catellanos v. Mukasey, No. 08-CV-2583, 2008 WL 4185700, at *3 (Sept. 8, 2008). Accordingly, Warden Lowe, as Petitioner's custodial official, is the only proper Respondent in this § 2241 Petition. The Clerk of the Court is directed to so amend the caption.

student visa and adjusted his status to "Lawful Permanent Resident" in 1993. (Petition at ¶¶ 11-12). In 1991 and 2008, Petitioner pled guilty to criminal possession of a forged instrument in the third degree, criminal impersonation in the second degree, and identity theft in the first and second degrees. See New York Penal Law §§ 170.20, 190.25, 190.80(1) and 190.79(2), respectively. (Petition at ¶ 12).

II. <u>Procedural Background</u>

Removal proceedings were initiated by ICE which resulted in Petitioner being taken into ICE custody on January 30, 2009 and, to date, he has not been removed to Nigeria. (Pet. ¶¶ 14-15.) Petitioner was ordered removed on February 15, 2011. (Pet. ¶ 20). Petitioner challenged the removal order and, on September 21, 2011, the United States Court of Appeals for the Third Circuit granted Petitioner's motion to stay removal pending the determination whether the Immigration Judge ("IJ") correctly considered Petitioner's civil judgment restitution to conclude that Petitioner's conviction constitutes an aggravated felony as defined by the Immigration and Nationality Act § 101(a)(43)(M)(I). See Order, dated September 21, 2011, Fisher, Circuit Judge, annexed to Petition at pages 13-14.

Petitioner also filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania challenging his detention. There, Petitioner claimed that his on-

going detention by ICE is unconstitutional due to its prolongerd duration. See Ezeiqwe, 2012 WL 1417263, at *1. Following service of the Petition, the IJ issued a decision, dated February 15, 2011, and ordered removal. Id. Petitioner administratively appealed the decision of the Immigration Judge to the Board of Immigration Appeals ("BIA"). Id. Petitioner then filed a new § 2241 petition in the United States District Court for the Middle District of Pennsylvania, this time challenging the affirmation by the BIA of the IJ's order of removal. Id. Petitioner has appealed the BIA's final administrative order of removal, and, as of the April 24, 2012 Memorandum and Order of District Judge Conaboy, remains pending before the United States Court of Appeals for the Third Circuit. (See also Am. Pet. ¶ 20.)

## DISCUSSION

Petitioner's instant § 2241 Petition filed in this Court seeks to challenge the constitutionality of his continued detention at the Pike County Correctional Facility located in Lords Valley, Pennsylvania. The United States Supreme Court has interpreted the language in the federal habeas statute providing that a writ of habeas corpus "may be granted . . . by the district courts . . . within their respective jurisdiction," 28 U.S.C. § 2241(a), to require that "'the court issuing the writ have jurisdiction over the custodian,'" Rumsfeld v. Padilla, 542 U.S. 426, 442, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) (quoting Braden v. 30th Judicial

4

Cir. Ct. of Ky., 410 U.S. 484, 495, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973)). Thus, with respect to "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Padilla, U.S. at 443. Since Petitioner is presently confined at the Pike County Correctional Facility located in Lords Valley, Pennsylvania, jurisdiction over the instant Petition lies only in the United States District Court for the Middle District of Pennsylvania, the district of Petitioner's confinement.

"When a petition is filed in a court that does not lie in the same district as the place where the petitioner is confined, the petitioned court may transfer the petition to the appropriate court in the interest of justice pursuant to 28 U.S.C. § 1631." Catellanos v. Mukasey, No. 08-CV-2583, 2008 WL 4185700, *4 (E.D.N.Y. Sept. 8, 2001). Here, it is appropriate to transfer Petitioner's § 2241 Petition to the United States District Court for the Middle District of Pennsylvania. Not only is Petitioner confined in that District, but he is also already actively litigating the claims presented to this Court in the District Court for the Middle District of Pennsylvania, having already filed two § 2241 petitions there, with one still sub judice. See Ezeigwe, 2012 WL 1417263, at *2.

## CONCLUSION

For the reasons set forth herein, this Court lacks

5

jurisdiction over the Petitioner's § 2241 Petition.  The Clerk of the Court is therefore directed to transfer the Petition and Amended Petition to the United States District Court for the Middle District of Pennsylvania for further proceedings.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May __29__, 2012
       Central Islip, New York